O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALORIE MARGALIT, | ) | Case No. CV 10-07553 DDP (SHx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| UNITED OMAHA LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) | [Dkt. No. 21] |
| _____ | ) ) | |

Presently before the court is Defendant United of Omaha Life Insurance Company's Motion for Summary Judgment. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.   Background**

In December 1997, Jacob Margalit ("Margalit" or "Decedent") applied for a $500,000 life insurance policy with Defendant. (Plaintiff's Statement of Genuine Issues ("PSI") ¶ 6.) Margalit's date of birth was written in by hand on the insurance application. (PSI ¶ 7.) The parties dispute whether the handwritten birth date clearly reads "4/13/65" or "4/13/69." (Id.) Margalit's correct

birth date was April 13, 1965.  (PSI ¶ 19.)  Thus, at the time Margalit signed the insurance application, he was 32 years old. (PSI ¶ 1).  However, in a blank space next to the word "Age," the insurance application lists the number twenty-eight.  (PSI ¶ 8.) The parties dispute how the number twenty-eight came to be handwritten in the "Age" section of the insurance application. Margalit signed the application on December 23, 1997, attesting that all answers contained therein were true to the best of his knowledge.  (PSI ¶ 9.)  Other documents obtained by defendant, including medical reports and driver records, listed Margalit's correct date of birth.  (PSI ¶¶ 51, 56.)

On January 22, 1998, Margalit received a Policy illustration. (PSI ¶ 10; Declaration of Sandy K. Wichtner in Support of Motion for Summary Judgment, Ex. C.)  The cover page of the illustration read, in the center of the page, "Prepared for Insured: JACOB MARGALIT, Male, Age: 28[.]" (Wichtner Dec., Ex. C at 54).  Pages two through seven of the nine-page illustration each contained a heading, the fourth line of which read "JACOB MARGALIT, Male, Age: 28[.]" (Id. at 55-60.)  Margalit signed page six of the illustration.  (Id. at 59.)

Margalit also received a copy of his $500,000 insurance policy on January 22, 1998.  (PSI ¶ 10.)  Page six of the policy, the first data page, listed Margalit's name, policy number, coverage, and premium.  (Wichtner Dec., Ex. A at 11.)  The data page also listed Margalit's age as "28."  (Id.)  Margalit did not inform Defendant that the age listed in the various insurance documents was incorrect.  (PSI ¶ 11.)

///

2

The insurance policy contained a "Misstatement of Age or Sex" provision under a discrete, underlined subheading on page two of the policy (the thirteenth page of the entire document package). (Wichtner Dec., Ex. A at 18.)  The misstatement provision read, "If the age or sex of the Insured has been misstated, the death benefit will be the amount which would be purchased by the most recent cost of insurance charges at the correct age and sex."  (Id.)

Approximately twelve years later, in January 2010, Margalit died in an accident. (PSI ¶ 14.)  Plaintiff, the beneficiary of Margalit's insurance policy, filed a claim with Defendant. (PSI ¶ 16.)  In the course of processing Plaintiff's insurance claim, Defendant obtained Margalit's birth certificate, death certification, and passport, which reflected that Margalit was born in 1965 and was, therefore, 32 years old at the time the insurance policy was issued.  (PSI ¶ 19.)

The policy's $500,000 benefit had been based on the cost of insurance to a twenty-eight year old.  (PSI ¶ 21.)  Because Margalit was in fact four years older, Defendant, relying upon the insurance policy's misstatement of age provision, reduced the policy's death benefit accordingly. (PSI ¶¶ 22, 24.)  Defendant adjusted the benefit to the amount of insurance that would have issued to a thirty-two year old and paid Plaintiff approximately $407,000.  (PSI ¶ 23.)

Plaintiff filed the instant action, alleging breach of contract and bad faith.  Defendant now moves for summary judgment.

**II. Legal Standard**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions

3

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See id. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 242.

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the

4

evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

### III. Discussion

The misstatement of age provision of Margalit's insurance policy clearly and unambiguously states that the death benefit will be adjusted "[i]f the age or sex of the Insured has been misstated." (Wichtner Dec., Ex. A at 18.)  Plaintiff argues that triable issues of fact remain because Margalit's age is not misstated. (Opposition at 1.) Plaintiff's contention is simply incorrect, as Plaintiff herself seems to acknowledge. (Id. ("[There is a discrepancy between the age (stated incorrectly) and date of birth (stated correctly).")) Regardless of what date of birth is listed, it is undisputed that the application and policy read "Age 28." (Wichtner Dec., Ex. A at 11, 37.)  No reasonable trier of fact could conclude that Margalit's age was not misstated.

Plaintiff also asserts that Defendant should be estopped from contesting Decedent's age. (Opp. at 13.)  "In the insurance context especially, estoppel may arise from a variety of circumstances in which the insurer's conduct threatens to unfairly impose a forfeiture of benefits upon the insured." City of Hollister v. Monterey Ins. Co., 165 Cal.App.4th 455, 488 (2008). Here, however, there is no such danger.  Though Plaintiff attempts to characterize the misrepresented age as "buried" within the policy documents, (Opp. at 11), the misstatement appears not only on the insurance application, but also on the first substantive page of the policy itself, on the cover page of the nine-page policy illustration, and on the following six pages, one of which

1  bears Margalit's signature.  Furthermore, Defendant did not obtain
2  a financial benefit as a result of the misstatement.  Margalit paid
3  a cost of insurance sufficient to secure $407,000 of coverage and
4  Defendant paid that amount to Plaintiff.  Accordingly, there is no
5  genuine issue of material fact regarding estoppel.

6  **IV.  Conclusion**

7       For the reasons stated above, Defendant's Motion for Summary
8  Judgment is GRANTED.

10  IT IS SO ORDERED.

13  Dated: January 11, 2012
14                                    _____
                                      DEAN D. PREGERSON
15                                    United States District Judge