O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VALORIE MARGALIT,                    )   Case No. CV 10-07553 DDP (SHx)
                                     )
                Plaintiff,           )
                                     )   **ORDER GRANTING DEFENDANT'S MOTION**
        v.                           )   **FOR SUMMARY JUDGMENT**
                                     )
UNITED OMAHA LIFE INSURANCE          )
COMPANY,                             )
                                     )   [Dkt. No. 21]
                Defendants.          )
                                     )
_____         )

        Presently before the court is Defendant United of Omaha Life
Insurance Company's Motion for Summary Judgment.  Having considered
the submissions of the parties and heard oral argument, the court
grants the motion and adopts the following order.

**I.   Background**

        In December 1997, Jacob Margalit ("Margalit" or "Decedent")
applied for a $500,000 life insurance policy with Defendant.
(Plaintiff's Statement of Genuine Issues ("PSI") ¶ 6.)  Margalit's
date of birth was written in by hand on the insurance application.
(PSI ¶ 7.)  The parties dispute whether the handwritten birth date
clearly reads "4/13/65" or "4/13/69." (Id.)  Margalit's correct

birth date was April 13, 1965.  (PSI ¶ 19.)  Thus, at the time

Margalit signed the insurance application, he was 32 years old.

(PSI ¶ 1).  However, in a blank space next to the word "Age," the

insurance application lists the number twenty-eight.  (PSI ¶ 8.)

The parties dispute how the number twenty-eight came to be

handwritten in the "Age" section of the insurance application.

Margalit signed the application on December 23, 1997, attesting

that all answers contained therein were true to the best of his

knowledge.  (PSI ¶ 9.)  Other documents obtained by defendant,

including medical reports and driver records, listed Margalit's

correct date of birth.  (PSI ¶¶ 51, 56.)

On January 22, 1998, Margalit received a Policy illustration.

(PSI ¶ 10; Declaration of Sandy K. Wichtner in Support of Motion

for Summary Judgment, Ex. C.)  The cover page of the illustration

read, in the center of the page, "Prepared for Insured: JACOB

MARGALIT, Male, Age: 28[.]" (Wichtner Dec., Ex. C at 54).  Pages

two through seven of the nine-page illustration each contained a

heading, the fourth line of which read "JACOB MARGALIT, Male, Age:

28[.]" (Id. at 55-60.)  Margalit signed page six of the

illustration.  (Id. at 59.)

Margalit also received a copy of his $500,000 insurance policy

on January 22, 1998.  (PSI ¶ 10.)  Page six of the policy, the

first data page, listed Margalit's name, policy number, coverage,

and premium.  (Wichtner Dec., Ex. A at 11.)  The data page also

listed Margalit's age as "28."  (Id.)  Margalit did not inform

Defendant that the age listed in the various insurance documents

was incorrect.  (PSI ¶ 11.)

///

1    The insurance policy contained a "Misstatement of Age or Sex"

2    provision under a discrete, underlined subheading on page two of

3    the policy (the thirteenth page of the entire document package).

4    (Wichtner Dec., Ex. A at 18.)   The misstatement provision read, "If

5    the age or sex of the Insured has been misstated, the death benefit

6    will be the amount which would be purchased by the most recent cost

7    of insurance charges at the correct age and sex."   (Id.)

8    Approximately twelve years later, in January 2010, Margalit

9    died in an accident.   (PSI ¶ 14.)   Plaintiff, the beneficiary of

10   Margalit's insurance policy, filed a claim with Defendant.   (PSI ¶

11   16.)   In the course of processing Plaintiff's insurance claim,

12   Defendant obtained Margalit's birth certificate, death

13   certification, and passport, which reflected that Margalit was born

14   in 1965 and was, therefore, 32 years old at the time the insurance

15   policy was issued.   (PSI ¶ 19.)

16   The policy's $500,000 benefit had been based on the cost of

17   insurance to a twenty-eight year old.   (PSI ¶ 21.)   Because

18   Margalit was in fact four years older, Defendant, relying upon the

19   insurance policy's misstatement of age provision, reduced the

20   policy's death benefit accordingly.   (PSI ¶¶ 22, 24.)   Defendant

21   adjusted the benefit to the amount of insurance that would have

22   issued to a thirty-two year old and paid Plaintiff approximately

23   $407,000.   (PSI ¶ 23.)

24   Plaintiff filed the instant action, alleging breach of

25   contract and bad faith.   Defendant now moves for summary judgment.

26   **II.   Legal Standard**

27   A motion for summary judgment must be granted when "the

28   pleadings, depositions, answers to interrogatories, and admissions

1 on file, together with the affidavits, if any, show that there is
2 no genuine issue as to any material fact and that the moving party
3 is entitled to a judgment as a matter of law." Fed. R. Civ. P.
4 56(c).   A party seeking summary judgment bears the initial burden
5 of informing the court of the basis for its motion and of
6 identifying those portions of the pleadings and discovery responses
7 that demonstrate the absence of a genuine issue of material fact.
8 See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

9    Where the moving party will have the burden of proof on an
10 issue at trial, the movant must affirmatively demonstrate that no
11 reasonable trier of fact could find other than for the moving
12 party.   On an issue as to which the nonmoving party will have the
13 burden of proof, however, the movant can prevail merely by pointing
14 out that there is an absence of evidence to support the nonmoving
15 party's case.   See id.   If the moving party meets its initial
16 burden, the non-moving party must set forth, by affidavit or as
17 otherwise provided in Rule 56, "specific facts showing that
18 there is a genuine issue for trial." Anderson v. Liberty Lobby,
19 Inc., 477 U.S. 242, 250 (1986).   The evidence is viewed in the
20 light most favorable to the non-moving party, and all justifiable
21 inferences are to be drawn in its favor.   Anderson, 477 U.S. at
22 242.

23    It is not the court's task "to scour the record in search of a
24 genuine issue of triable fact."   Keenan v. Allan, 91 F.3d 1275,
25 1278 (9th Cir. 1996).   Counsel have an obligation to lay out their
26 support clearly.   Carmen v. San Francisco Sch. Dist., 237 F.3d
27 1026, 1031 (9th Cir. 2001). The court "need not examine the entire
28 file for evidence establishing a genuine issue of fact, where the

1  evidence is not set forth in the opposition papers with adequate

2  references so that it could conveniently be found." Id.

3  **III.   Discussion**

4       The misstatement of age provision of Margalit's insurance

5  policy clearly and unambiguously states that the death benefit will

6  be adjusted "[i]f the age or sex of the Insured has been

7  misstated." (Wichtner Dec., Ex. A at 18.)  Plaintiff argues that

8  triable issues of fact remain because Margalit's age is not

9  misstated.  (Opposition at 1.) Plaintiff's contention is simply

10  incorrect, as Plaintiff herself seems to acknowledge.  (Id.

11  ("[There is a discrepancy between the age (stated incorrectly) and

12  date of birth (stated correctly).")) Regardless of what date of

13  birth is listed, it is undisputed that the application and policy

14  read "Age 28." (Wichtner Dec., Ex. A at 11, 37.)  No reasonable

15  trier of fact could conclude that Margalit's age was not misstated.

16

17       Plaintiff also asserts that Defendant should be estopped from

18  contesting Decedent's age. (Opp. at 13.)  "In the insurance

19  context especially, estoppel may arise from a variety of

20  circumstances in which the insurer's conduct threatens to unfairly

21  impose a forfeiture of benefits upon the insured." City of

22  Hollister v. Monterey Ins. Co., 165 Cal.App.4th 455, 488 (2008).

23  Here, however, there is no such danger.  Though Plaintiff attempts

24  to characterize the misrepresented age as "buried" within the

25  policy documents, (Opp. at 11), the misstatement appears not only

26  on the insurance application, but also on the first substantive

27  page of the policy itself, on the cover page of the nine-page

28  policy illustration, and on the following six pages, one of which

1    bears Margalit's signature.  Furthermore, Defendant did not obtain

2    a financial benefit as a result of the misstatement.  Margalit paid

3    a cost of insurance sufficient to secure $407,000 of coverage and

4    Defendant paid that amount to Plaintiff.  Accordingly, there is no

5    genuine issue of material fact regarding estoppel.

6    **IV.   Conclusion**

7         For the reasons stated above, Defendant's Motion for Summary

8    Judgment is GRANTED.

9

10

11   IT IS SO ORDERED.

12

13

14   Dated: January 11, 2012

     DEAN D. PREGERSON
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28